Argued May 7, affirmed June 20, petition for rehearing
denied July 11, 1956

WICKLAND, Administrator *v.* JOLLIFF

298 P. 2d 984

*Mark V. Weatherford* argued the cause for appellant. On the briefs were Weatherford & Thompson, Albany, and Laurence Morley, Lebanon.

*James K. Buell* argued the cause for respondent. On the brief were Phillips, Coughlin, Buell & Phillips, Portland.

Before Warner, Chief Justice, and Tooze, Lusk, Brand and Perry, Justices.

PER CURIAM.

This is an action brought by the plaintiff, as administrator, to recover damages for the alleged wrongful death of William Wickland.

William Wickland was riding as a guest passenger in an automobile owned and operated by the defendant William Jolliff. While the automobile was being driven along the highway from Heppner toward Condon in eastern Oregon it struck the side of a bridge, and William Wickland was killed. In the complaint, the defendant was charged by the plaintiff with being grossly negligent and having a reckless disregard of the rights of the deceased in the operation of his vehicle. The jury returned a verdict in favor of the defendant, and the plaintiff appeals.

The plaintiff's sole assignment of error is the modification of a requested instruction by the trial court.

It was alleged by the plaintiff and evidence was offered to show that the defendant was negligent in the following particulars:

"1. That he drove his automobile upon said highway at a speed greater than was reasonable and prudent, having due regard to the curved condition of said road approaching said bridge.

"2. That he drove his automobile at a speed which was greater than would permit the defendant driver thereof to exercise proper control of the vehicle he was driving.

"3. That he failed to keep a lookout through the front and to the side of said road at and while driving said car in the immediate approach to said bridge.

"4. That he failed to keep his eyes facing the front, but on the contrary took his eyes from the front and was looking to the rear of said car and in so doing turned the car from the paved portion of the highway off of his, the driver's, right side of said highway at and when the car was traveling at such a speed that he could not regain his

vision to the front and keep the car upon said paved portion of said highway, and avoid striking the right part of the framework of said bridge and the abutments thereof to the right of the paved portion of said highway.''

The plaintiff proffered the following instructions:

''I have defined to you what has been termed 'ordinary negligence.' In order to recover in this case, since the deceased was a guest of defendant in defendant's automobile, plaintiff must prove that the defendant operated his car in a grossly negligent manner or in a reckless disregard of the rights of the said William Wickland. The statutes of Oregon provide:

'Sec. 30.110. No person transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against the owner or operator for injury, death, or loss, in case of accident, unless the accident was intentional on the part of the owner or operator, or caused by his gross negligence * * * or his reckless disregard of the rights of others.'

''In order to establish gross negligence, or reckless disregard of the rights of others, the burden is upon the plaintiff to prove that one or more of the acts of the defendant set forth in the complaint or a combination of them displayed a mind on the part of the defendant indifferent to the rights of others, and particularly the deceased in this case, or that his conduct evidenced those rash qualities exhibited by the foolhardy, or an attitude of 'I don't care what happens.' The plaintiff must show that the defendant was guilty of one or more acts of negligence as set forth in the complaint and further establish that in committing one or more acts of negligence, the defendant exhibited an indifference to the rights of others, particularly the deceased, William Wickland in this case, or that he displayed

in handling his car, those rash qualities exhibited by the foolhardy, or that he displayed an attitude of 'I don't care what happens' in the handling of his automobile. If the acts of the defendant, or a combination of the acts of the defendant, as alleged in the complaint, if you find that they occurred, prove by a preponderance of the evidence one or more of the additional elements which I have defined and set forth to you, then your verdict should be for the plaintiff.''

The instruction as requested was given, except the trial court deleted therefrom the last sentence, which reads as follows:

"If the acts of the defendant, or a combination of the acts of the defendant, as alleged in the complaint, if you find that they occurred, prove by a preponderance of the evidence one or more of the additional elements which I have defined and set forth to you, then your verdict should be for the plaintiff.''

The plaintiff complains that the instruction as given is incomplete, misleading and prejudicial, because "nowhere in the entire instruction did the court state that a verdict could be had for the appellant. * * * By omitting the last sentence of the requested instruction No. 5, the court, in effect, made it impossible for the jury to return a verdict for the plaintiff * * *.''

The trial court properly refused to give that portion of the instruction deleted, because the element of proximate cause is omitted. It would have been error to have given the instruction as requested for then the court would have instructed the jury that a verdict could be returned for the plaintiff by proving only that the defendant was grossly negligent.

The judgment is affirmed.